OWENS, Circuit Judge, concurring: All good things must come to an end. But apparently bad legal doctrine can last forever, despite countless judges and justices urging an end to the so-called Taylor categorical approach. See United States v. Valdivia-Flores, 876 F.3d 1201, 1210-11 (9th Cir. 2017) (O’Scannlain, J., specially concurring) (collecting cases). This case— though correctly decided under current Supreme Court law—typifies how far this doctrine has deviated from common sense. Here, one lawyer zealously argues that Washington law criminalizes a “conspiracy of one,” while the other lawyer strenuously contends -for a narrower reading. Surely, the prosecutor is the one swinging for the fences, and the defense attorney the one pushing for lenity. In state court, you would be right. But we are in federal court, so a defense attorney ethically must play the role of the aggressive prosecutor, pushing for the most expansive reading of state law possible. She succeeded: she has established that the state law is broader than the federal law, so there is no categorical match, which favors her client. But this role reversal confirms that this is a really, really bad way of doing things. Defense attorneys should not be forced to argue for expanding criminal liability to benefit their clients, but in the Taylor Upside Down, that is what necessarily happened here. Instead of wasting more resources and interjecting more uncertainty into our sentencing (and immigration) decisions, either the Supreme Court or Congress should junk this entire system. See United States v. Perez-Silvan, 861 F.3d 935, 944 (9th Cir. 2017) (Owens, J., concurring) (urging simplification “to avoid the frequent sen- . tencing adventures more complicated than reconstructing the Staff of Ra in the Map Room to locate the Well of the Souls”). A regime based on the length of previous sentences, rather than on the vagaries of state law, is the way to go. See Almanza-Arenas v. Lynch, 815 F.3d 469, 483 (9th Cir. 2016) (en banc) (Owens, J., concurring) (“A better mousetrap is long overdue. Rather than compete with Rube Goldberg, we instead should look to a more objective standard, such as the length of the underlying ' sentenced]”); U.S.S.G. supp. app. C, amend. 802 at 156-57 (Nov. 1, 2016) (amending U.S.S.G. § 2L1.2 to account for most prior convictions “primarily through a sentence-imposed approach” and “eliminate[ ] the use of the categorical approach, which has been criticized as cumbersome and overly legalistic”).